MASON *versus* THE KENNEBEC AND PORTLAND RAIL ROAD
COMPANY.

The charter of the Kennebec and Portland Rail Road Company provides a
remedy, for the land owner, to recover damage for the location and construc-
tion of the track across his land.

The remedy, thus provided, is in exclusion of the remedy at common law.

In the estimate of that damage, is to be included the injury which may be
done to the owner, by the erection of an embankment upon the site of the
road, whereby the communication is destroyed between the parts of the land
which lie upon the opposite sides of the track.

An action to recover damage for destroying such communication, either by
taking the strip of the land for the site of the road, or by the erection there-
on of such an embankment, proceeds, not upon the ground that the land for
the road was illegally taken, but upon the ground that the power, granted
by the charter, had been transcended or abused. It therefore presents no
basis for a decision as to the constitutionality of that power.

TENNEY, J. — This action is case, in which the plaintiff al-
leges, that he was seized as in his demesne of fee of a certain
farm described, from April 14, 1845, to October, 1848, and
during that time ought to have had a private way from his
house to another part of his farm ; that the defendants in
October, 1848, built a rail road with a deep fill and high em-
bankments, intending unjustly to disturb him, across the entire
width of said farm, and thereby wholly obstructed and de-
prived the plaintiff of his way, up to the day of the date of
the writ, which was May 16, 1849.

The defendants pleaded the general issue with a brief state-
ment, justifying under their charter.

The plaintiffs offered to prove among other things that the
defendants by their rail road, caused a separation of the part of
his farm on which his house was situated from another por-
tion, containing about twenty-four acres, on which is the most
of his wood and timber, and some of his best pasture land ;
that a quantity of wood has been cut thereon, and is there
ready to be hauled to his dwellinghouse and to market ; and
that by reason of the rail road he has been unable to remove
the same, and also a quantity of timber ; that the twenty-four
acres are entirely surrounded by land, owned, cultivated and

enclosed, belonging to others, excepting on the side bounded by the rail road ; that the distance over which loads must be carried upon the lands of others, from one portion of his farm to the other, is increased by means of the rail road from one hundred and sixty rods to three miles ; that the only place, where a passage from one part of the farm to the other, separated by the rail road, was practicable, before its construction, has been thereby obstructed, a fill of twenty feet in depth, with no passag eway under or over the road on his land, having been interposed. The defendants admit, for the purpose of settling certain legal questions raised, that the facts so offered to be proved, can be established.

The plaintiff contended, under another count, that he was entitled to damages for the land taken as alleged.

If the act of incorporation gave power to the company to locate and construct the road, and in doing so they did not exceed the authority granted, their acts were not tortious ; and the mode for settling the damages for any real estate taken for the purposes contemplated by the statute, when not agreed upon, are to be ascertained and determined by the County Commissioners, under the same conditions and limitations, as are by law provided in case of damages by laying out highways. The land so taken, is to be held as lands taken and held for public highways. R. S. chap. 81, sect. 3.

It is well settled by decisions of Massachusetts, before our separation from that Commonwealth, and other States, that when the legislature have authorized the laying out of highways, or the establishment of other works, deemed by them to be of public necessity and convenience, or when, in their opinion, it is for the public benefit, and in the construction thereof damages are supposed to result to the property of others, and a mode is provided by statute for the assessment and payment of the same, the party so authorized is not a wrongdoer ; and the remedy for the person injured, is confined to the mode provided by the statute, and none exists at common law. *Stowell* v. *Flagg*, 11 Mass. 364; *Stevens* v.

*Middlesex Canal,* 12 Mass. 446; *Cushing* v. *Baldwin,* 4 Wend. 667. And if an injury is done to the property of an individual not situated upon the land, taken for the road, in the operations for its construction, the means not being inappropriate for the purpose, the damages therefor are to be estimated by the county commissioners, under the same authority by which they determine the more direct injury. *Dodge* v. *County Commissioners of Essex,* 3 Metc. 380.

The necessity for a way from one portion of the plaintiff's farm to the other does not change the principle. The owner of land has all the rights incident to his title thereto, not inconsistent with the right, which has been conferred upon others for public use, by a legislative act. The statute provision for the assessment of damages, extends to the injury occasioned by the interruption of the proprietor's passage from one part of his land to another, as well as to any other injury, which may be caused by the construction and use of the road, and when such damages as may be anticipated from its future construction, if it has not been made, are assessed, they are made up, on the whole injury done or expected to be done, including not only the loss of the use of the land produced by the road, but the probable expense of fences, and the diminution of the value of the land, by a separation from each other of different parts. If the ground has been excavated or elevated at the place where the communication between the two parts must be, the expense of a way under or over the road is to be considered, and if from the situation one portion cut off from the other will be greatly diminished in value, or rendered worthless, such facts may properly make an element in the computation.

The corporation entitled to the road, will be confined to those acts, which are necessary for the accomplishment of the object of the act. If they exceed their powers under their charter, and do injury to the individuals, over whose lands the road may pass, they are not protected thereby. The construction of a passage way across the rail road, which passes through the plaintiff's land, is not made a duty of the defend-

ants, either by the general statute on the subject of rail roads, or by the act of incorporation ; and the omission to provide such means of communication is not in violation of their charter. There was no offer to prove, that any injury was done to the land separated from the residue of the farm, beyond that necessarily arising from a construction of the road.

It is contended by the plaintiff, that the acts under which the defendants justify as to the building the road, furnishes no protection, being so far unconstitutional, and in violation of the twenty-first section of the declaration of rights of this State, that "private property shall not be taken for public uses, without just compensation ; nor unless the public exigencies require it." It is insisted that the law cannot be upheld, because no adequate provision is made for compensation ; and that the security which is provided by R.S. chap. 81, sect. 6, if from a private corporation, does not meet the requirement of the constitution.

For reasons which are sufficient, the constitutional question, which the plaintiff has attempted to present, cannot in this action be entertained. It is unnecessary to advert to more than one of these reasons.

It is true, that according to the report of the case, the plaintiff in the third count of his writ claimed damages for taking three acres of his land, the same on which the rail road is constructed. In looking at the writ, which is made a part of the case, this count is not for the recovery of damages, arising from an alleged unauthorized appropriation of the land covered by the rail road, or for any injury, which the plaintiff has sustained by a supposed trespass thereon ; but is confined to damages, which the plaintiff alleges he has sustained by being deprived of the former and accustomed use of the part of his farm cut off from the residue by the rail road, and the facilities for going to and from the same. The action in none of the counts in the writ is for taking the land for the road, or for an invasion of the rights of the plaintiff in any manner, to the portion of the farm covered thereby. But it is for the construction of the road in such a mode, that the plaintiff

has been limited in the proper enjoyment of his land *not* covered by it. The issue, whether the land, on which the road is built has been unlawfully taken, does not appear to have been designed by the plaintiff, in making his writ, to be presented, and it is not before us. There is no allegation, that the defendants placed any obstructions mentioned in the writ, *upon the land of the plaintiff;* and consequently there is no basis for a decision of the question, whether the act under which the defendants justify is in contravention of that part of the constitution referred to or otherwise. It is manifest that the injury of which the plaintiff complains, was one which he had sustained by acts of the defendants, which the charter did not authorize, and not that the charter conferred no power to appropriate so much of the plaintiff's property as was contemplated by the Legislature.

The action not being maintainable, according to the agreement of the parties, the plaintiff is to become nonsuit.

*True,* for the plaintiff.

*Shepley* and *Dana,* for the defendants.