## Slatten v. The Des Moines Valley R. R. Co.

1. **Municipal corporation :** RAILROAD : RIGHT OF WAY OVER STREETS. By a section of an ordinance of the city council of Des Moines, the right of way was granted to a railway company, with the right to construct its road over and across certain streets, " on the grade of the city or such grade as may be agreed upon." *Held*, that the company were limited to the grade established by the city unless it were shown that some other grade had been agreed upon.

2. —— RIGHT TO CONSTRUCT RAILWAY BRIDGE : DAMAGES TO LOT OWNER. By another section of the ordinance it was ordained, " that the right to build and operate a railroad bridge on Market street, over and across the Des Moines river, in the city of Des Moines, is hereby granted to the D. V. R. R. Co., provided said company build or cause to be built a railroad bridge across said river within five years." *Held* :

    1. That the limitation contained in the first section as to construction of the road in accordance with the grade of the streets did not apply to the bridge, and that by the ordinance no requirement attached thereto except the implied

one that it should be built in a proper manner, with ordinary skill and care.

2. That the right to build and operate the bridge being certain, it carried with it all the incidental rights and powers necessary to the efficacious enjoymont thereof, including the right to construct necessary and suitable approaches to the bridge.

8. That it was competent and within the rightful power of the city council to grant the rights conferred by the ordinance.

4. That the construction of the bridge and approaches being thus authorized, the railroad company were not liable for consequential damages resulting therefrom to a ·lot owner, in front of whose property an embankment had been thrown up in the proper construction of the bridge and approaches.

*General Term, Fifth District (Polk County).*

THURSDAY, JULY 21.

ACTION to recover damages of defendant, resulting to plaintiff in consequence of an embankment made by defendant in front of plaintiff's property in Market street, in Des Moines, whereon defendant's road was constructed. The plaintiff in his petition avers ownership in fee of certain lots fronting on Market street, in Des Moines, whereon she had built, suited to the grade of said street, a large hotel, with stone foundation and basement and two stories of brick above, together with other buildings and improvements ; that, afterward, the defendant, claiming the right to do so under authority of the city, had willfully and maliciously, made an embankment nine or ten feet high for its road-bed along in front of plaintiff's property, so as to prevent access by herself and the public to her hotel and property, to her damage $10,000, for which she asks judgment.

The defendant, for answer, *first*, denies every material allegation of the petition. *Second*, that the city of Des Moines, by an ordinance duly passed, and which took effect October 22, 1865, and prior to the making of the

embankment complained of, granted to defendant the right to construct its road along Market street, and to construct and operate a railroad bridge, with necessary approaches, over the Des Moines river on said street, which ordinance is as follows : "An ordinance granting the right of way to the Des Moines Valley Railroad Company over and across Market street and other streets and alleys through the city of Des Moines, and the right to bridge the Des Moines river on said Market street.

"SECTION 1. *Be it · ordained by the city council of Des Moines*, That the right of way be and the same is hereby granted to the Des Moines Valley Railroad Company through the city of Des Moines, over and across Market street, and such other streets and alleys east and west of Market street as may be necessary to run through the city, with the right to lay down a double or single track, with side-tracks, turn-outs and switches on the same, and to run such locomotives and trains of cars over the same as may be necessary in the operation of said road, and at such reasonable rates of speed as may from time to time be fixed by the said city council of Des Moines. * * * *Provided*, said railroad company shall build their said road on the grade of the city, or such grade as may be agreed upon. * * *

"SEC. 2. *Be it further ordained*, that the right to build and operate a railroad bridge on Market street, over and across the Des Moines river, in the city of Des Moines, is hereby granted to the Des Moines Valley Railroad Company, *provided* said company shall build, or cause to be built, a railroad bridge across said river, within five years from the first day of January, 1865.

That the defendant in the exercise of the power thus granted, did construct a railroad bridge at the point named ; that said bridge was properly located and constructed, and at the lowest practicable altitude, and that

the embankment complained of constituted the approach to the said bridge at the east end, and that the same was necessary and indispensable to the operation of said, bridge as a railroad bridge ; that in the construction of said embankment and approach, the defendant acted in good faith, and was guilty of no negligence.

*Third.* That the embankment complained of constituted a necessary approach to the railroad bridge across the Des Moines River at Market street, which was built by defendant, pursuant to the ordinance aforesaid. *Fourth.* That the plaintiff has never caused damages to be assessed in the manner provided by law. *Fifth.* Denies that the plaintiff erected her house with reference to the grade, and avers that the same was erected before any grade was established for said street ; that the city of Des Moines, subsequent to the erection of said building, gave to defendant authority, and the defendant was, by the laws of Iowa, authorized to construct its road through said city, on said street, and said embankment was made in accordance therewith, and without any negligence or malice on the part of defendant.

The plaintiff demurred to each count of the answer, because, 1. The supposed ordinance did not authorize the defendant to do the acts complained of. 2. The city could not legally do the act itself and could not authorize defendant to. 3. The ordiance does not exempt defendant from liability for injuries to private, property. 4. The counts do not show that plaintiff has sustained no damage, nor that the same has been released. 5. The ordinance is a grant to a private corporation and the absence of malice is no defense. This demurrer was sustained by the circuit, court and its judgment was affirmed by the general term, the district judge dissenting. The defendant appeals to this court.

*Henry Strong* and *Withrow & Wright* for the appellant.

*Phillips, Gatch & Phillips* for the appellee.

COLE, Ch. J.—I. The first question, in order, which arises upon the demurrer to the answer, is as to the

**1. MUNICIPAL CORPORATIONS: railroad: right of way over streets.** proper construction of the city ordinance, set out at length in the preceding statement. The first section grants the right of way to the defendant for its railroad over and along Market street, but provides that the company shall build its road on the grade of the city, or such grade as may be agreed upon. · Without more, this would limit the company to the grade fixed by the city, unless the defendant should show that some other grade had been agreed upon.

The second section grants to defendant the right to build and operate a railroad bridge on Market street, over

**2. —— right to construct railway bridge · damages to lot owner.** and across the Des Moines river. There is no limitation in this section as to the grade or height of the bridge; and the limit as to grade contained in the proviso to the first section applies only to the *street*. By no principle of legal construction can it be said that the bridge was to be built upon the grade fixed by the city for the street. No specific requirement being made in connection with the grant of the right to build and operate the bridge, none would attach except the one generally implied, that it should be built in a reasonable and proper · manner, with at least ordinary skill and care.

The grant of the right to build and operate the bridge is clear and certain ; and this grant carried with it all the incidental rights and powers which were requisite to the efficacious and beneficial exercise and enjoyment of the right. And among these there must, of course, be included the right to construct necessary and suitable

approaches, without which the bridge could not be operated at all. So far, then, as the construction of the ordinance is concerned, we have no doubt that, by its terms, the defendant had the right to build its road upon the grade of the street (or any other grade agreed upon), and to build the bridge with such approaches thereto as were necessary and proper for the efficacious enjoyment and operation of it.

II. The next question in natural order arising is, whether the city council of the city of Des Moines was itself possessed of authority to grant such rights to the defendant. And this, under our previous decisions, does not admit of any doubt. *Milburn* v. *The City of Cedar Rapids, et al.*, 12 Iowa, 246 ; *The City of Des Moines* v. *Hall*, 24 id. 234; *The City of Clinton* v. *The C. R. & M. R. R. R. Co.*, 24 id. 455. Whether the defendant was or not entitled to the same rights under the statutes, even in the absence of any grant by the city of Des Moines, we need not now discuss or determine.

III. And, finally, is the defendant liable for the consequential damages resulting to plaintiff by the construction of its road, bridge and approaches in the manner it has done, which, as we have seen, was authorized by law and ordinance of the city ? For it will be remembered, the defendant avers in the answer demurred to that the bridge was properly located and constructed at the lowest practicable altitude ; that the embankment constituted the approach to the bridge, and the same was necessary and indispensable to the operation of the bridge, and was constructed in good faith and without negligence.

The supreme court of Pennsylvania, in an opinion prepared by Thompson, Ch. J., and announced last month, in the case of *Woodward & Vincent* v. *Wells*, (Legal Gazette, vol. 2, No. 23, June 10, 1870,) laid down this doctrine : "Consequential damages are never recoverable

from a corporation of this nature, excepting when expressly given, and on the terms on which they are allowed." The corporation in that case was authorized by an act of the legislature to improve a stream, and the action was brought to recover damages resulting from the proper exercise of the corporate power. This, it seems to us, is sound doctrine ; and, indeed, it must be true, as a general proposition, that the rightful and *bona fide* exercise of a lawful power or authority cannot afford a basis for an action. If the power or right is exercised carelessly, negligently, wrongfully, improperly, and, may be, maliciously, the party so exercising it may be liable to respond in damages for any injury, direct or consequential, resulting to another from thus exercising the right or power ; but such liability can only arise upon and for the *manner* of doing the act, and not for the act itself.

We have examined the cases cited by the appellee's counsel in support of their view, which is in antagonism to the general proposition we have just above stated, and also other cases. But those cases do not conflict with our general rule. The case of *State* v. *The Ohio and Miss. R. R. Co.*, 7 Ind. 479, is where the railroad company constructed its road along a street and upon a grade not authorized by law or the ordinance of the city, and the court held that it was "an *unauthorized earth embankment* and obstruction of a public highway," for which defendant was liable ; and the court expressly say that it will not decide whether the city might not authorize the embankment, for there was no showing that it had. In *Haynes* v. *Thomas*, 7 Ind. 38, it was held that the acts of the defendants were not authorized by any constitutional law ; so in *Gardner* v. *Newbury*, 2 Johns. 162. The case of *The E. & C. R. R. Co.* v. *Dick*, 9 Ind. 443, was where the company had constructed an embankment across a bayou,

to the injury of the plaintiff's land by flooding it, etc. The court say : So far as the interest of the company is concerned, the embankment may be erected in a proper manner and place, and still be constructed in such a manner as necessarily to injure the plaintiff, and for aught that appears in the record, the road might have been built and completed so as to obviate the injury of which he complains." So, in *Protzman* v. *The I. & C. R. R. Co.*, 9 Ind. 467, the court held that the city council could not authorize a railroad company to use the streets, and hence a party whose property was injured by such use could maintain his action therefor.

In *Brown* v. *The C. & S. R. R. Co.*, 12 N. Y., 486, the act of incorporation left the company liable for consequential injuries to persons resulting from building their road across streams, etc. The case of *Lawrence* v. *The G. N. R. R. Co.*, 16 Ad. & L. 643, was for obstructing water by reason of insufficient openings, etc. It was held that, as by proper caution the injury might have been avoided, the company was liable. So, also, in the cases of *Rochester White Lead Co.* v. *The City of Rochester*, 3 N. Y., 463 ; *Radcliff* v. *Mayor of Brooklyn*, etc., 4 id. 195 ; *Bailey* v. *Mayor*, etc., 3 Hill, 531.

The following cases will be found to support the conclusion in this. *Mason* v. *M. & P. R. R. Co.*, 31 Me. 215 ; *Aldrich* v. *Cheshire R. R. Co.*, 1 Fost. 356 ; *Bloodgood* v. *M. & H. R. R. Co.*, 14 Wend. 51 ; *Beekman* v. *S. & S. R. R. Co.*, 3 Paige, 45 ; *Hatch* v. *Vermont Central R. R. Co.*, 25 Vt. 49 ; *Dodge* v. *Essex*, 3 Met. 380.

The city of Des Moines had the authority to change the grade of the street in front of plaintiff's property, and that, too, without liability to plaintiff for any injury resulting to her property therefrom. This point has been frequently decided by this court, and is in accord with the current authorities. See *Creal* v. *The City of Keokuk*,

4 G. Greene, 47, and cases there cited ; see also the cases cited *supra.* What the city might do directly itself it may do indirectly by another. The demurrer thould have been overruled.

Reversed.

BECK, J., dissenting.