COLORADO CENTRAL R. R. CO. *v.* MOLLANDIN.

1. Where the general issue is pleaded and special pleas are also interposed, setting up a defense available under the general issue, the sustaining a demurrer to the special pleas is no ground for reversal.

2. Where a railroad company is authorized by municipal law to construct and operate its road through and across a street under such municipal control, it is in the exercise of a lawful right, and is not liable in a common-law action, except for injuries done wantonly or without reasonable care.

3. The defendant offered in evidence the ordinance of the city authorizing it to locate, construct, maintain and operate its railroad through and across a particular street, also offered to prove compliance with the ordinance in every respect. The rejection of such evidence *held* to be erroneous.

*Error to County Court of Arapahoe County.*

THE facts are sufficiently stated in the opinion.

Mr. V. D. MARKHAM, for plaintiff in error.

Mr. H. M. TELLER, for defendant in error.

STONE, J.   The defendant in error brought suit in the court below against the Colorado Central Railroad Company to recover damages in trespass on the case for alleged

injuries to the property and business of the plaintiff below, arising from the construction and operation of a branch or side track of said railroad, along and across Nineteenth street, in the city of Denver, whereon engines and freight cars passed in front of and in close proximity to the lots and buildings of the plaintiff fronting on and abutting said street.

The principal building of plaintiff was used by him for a hotel and saloon as well as residence, and the averments in the declaration respecting the cause of the alleged damage are, that "the trains of cars passing over and along said track have jarred, shaken, cracked and injured the plastering, walls, and other parts of said building, and damaged the same in the sum of, etc., * * * * that by building said track so near said premises, and by running its trains over the said track, as well as by the smoke, cinders and ashes emitted from the engines, upon, against and into said buildings, the defendant has materially interfered with the easements belonging to said lots, and impeded ingress and egress to and from the same, and thereby lessened the value of the said premises to the amount of, etc., * * * * that by reason of the committing of said grievance, the plaintiff has been greatly injured in his said business, and has sustained damages in and about his said business in the sum of," etc.    * * * *

To the declaration the defendant pleaded the general issue, and two special pleas. The second plea sets up the fee of the street in the city of Denver, and permission of the city, by an ordinance duly passed, to the defendant to construct and operate its railroad through the street in question. The third plea also avers the fee in the city, permission of the city to the defendant to build its railroad through the street, and sets out in full the ordinance authorizing the company to construct a single track upon, and to run its cars along and across said Nineteenth street, together with certain other streets in that vicinity ; to grade the street on a line with the railroad track, and that the

work of grading and laying down the track be done under the direction and supervision of the city surveyor.

The plea further avers compliance with said ordinance, and that thereby, "the defendant became and was entitled and fully authorized and empowered at the time of constructing its said track and running its said trains over and through said said street in plaintiff's declaration mentioned, to locate and construct, maintain and operate the same over, across and through said street, in accordance with its charter, and the said ordinance of the city of Denver; which are the said supposed grievances in said plaintiff's declaration mentioned."

To these special pleas the plaintiff below interposed a general demurrer, which was sustained by the court, the exception to which is one of the principal grounds of error assigned in this court.

In the case of the *Colorado Central Railroad Co.* v. *Blake*, 3 Col. 417, the same question was presented. The action was of the same character as the one before us; the same ordinance was set up by special pleas, to which a general demurrer was sustained, and this court held that the defense sought to be interposed by the special pleas was equally available under the general issue.

While as a question of form in pleading, we can see no good objection to the use of special pleas in setting up a defense of this character, and the demurrer being general, must be presumed to have been directed to the subject-matter of the pleas, but since such defense could, under the rule laid down in the *Colorado Central Railroad Co.* v. *Blake, supra*, be made available to the defendant as well under the general issue as by special plea, we must hold that the defendant was not prejudiced by the ruling of the court below in sustaining the demurrer, and, therefore, the error in such ruling is not sufficient ground for reversal.

Upon the trial of the case, the defendant offered in evidence, as a defense to the action, the ordinance referred to, of the city of Denver, which in terms authorized the de-

fendant — the Colorado Central Railroad Company — to locate, construct, maintain and operate its railroad along and across the street in question, and providing that the work of construction, so as to conform to the street grade, should be done under the direction and supervision of the engineer of said city ; the defendant further offering to prove compliance in every respect with said ordinance on the part of the defendant.

To the introduction of this ordinance as evidence the plaintiff objected, and the court sustained the objection, which ruling of the court is assigned for error.

Much apparent conflict of authority exists as to the right of recovery in cases like this, but such conflict is more apparent than real, since upon examination it will be found that the decided cases are governed, to a great extent, by the particular facts of each given case, and the general or local law applicable thereto; such as whether the construction of the road in the street is authorized by competent legislative power of the State or municipality; the character of such legislation in respect to compensation for damages; whether the fee of such street is in the municipality granting the authority to construct, or in the abutting lot owner; whether there is an obstruction of the street such as to destroy or impair its use as a public highway; whether the track is laid upon the grade of the street, or makes a cut or embankment; whether the injury complained of arises from a necessary or an unnecessary and injudicious mode of construction ; whether such injury is peculiar to the plaintiff, or common to the public, and whether it is a direct physical injury to the property of the plaintiff, or so remotely consequential as to be regarded *damnum absque injuria.*

Considerations founded upon these variant circumstances affect the right of recovery in every case, and were we to concede a right of recovery in this case, it might be pertinent to review the leading cases upon this subject in order to determine the extent of such right upon the facts pre-

sented by the record, but in the view which we are led to take of the case, we conceive that the assignment of error based upon the exceptions to the ruling of the court rejecting the ordinance offered in evidence, raises the question squarely, as to whether, under the admitted facts in the case, the ordinance is an admissible defense in bar of the plaintiff's right of recovery in this action.

It is admitted that the railway company was duly chartered by the legislative assembly of Colorado, and authorized to construct its road to the city of Denver, that the title in fee of the streets of said city, including the street in question, is in the city and under the entire control of the municipal authority of said city ; that under the ordinances of the city in force at and prior to the date of the construction of said road, the city council of Denver were empowered "to open, alter, abolish, widen, extend, establish, grade, pave or otherwise improve or keep in repair, streets, avenues, lanes, alleys, sidewalks, drains and sewers of said city * * * * * to direct and control the location of railroad tracks * * * * * and to regulate the rates of speed of all railroad trains."

Upon these facts we think that proof of the ordinance in question, as the same is set out in the record, was admissible as a valid defense to the action as against the railroad company, and should have been admitted in evidence.

Where there is nothing in the charter of the railroad company or statute requiring compensation for such damages, and where the fee of the street is in the town or city authorizing the construction and operation of such railroad, the latter is not liable for damages resulting to the premises of abutting lot owners not actually taken by the railroad company in the construction and lawful operation of the road.

The fee of the streets being in the city of Denver, the municipal authorities of the city, by virtue of their ordinances under the legislative power of the State conferred upon such municipality, are empowered to exercise complete control over such streets.

When, therefore, a railroad company is authorized by municipal law to construct and operate its road through and across a street under such control, it is in the exercise of a lawful right, and s' long as it keeps within the bounds of such lawful authority is not liable in a common-law action, except for injuries done wantonly or without reasonable care.

It may be said, however, that the fee of the streets and other public grounds of incorporated towns and cities under the laws of Colorado is in such towns and cities in trust for the public.    This is doubtless true, yet for that trust the municipal authorities are alone responsible.    They are empowered in their discretion to alter, vacate and abolish any street altogether, and if in the exercise of that discretion they abuse their trust, whatever liability arises thereby, attaches to them as such trustees and agents of the public. But the authority given the railroad company in a case such as the one at bar, is a license to such company under which the latter may justify for all damages resulting from a lawful exercise of the acts authorized by such license.    In the case of *Stack* v. *The City of East Saint Louis,* 5 Central Law Journal, 385, which is the latest decided case we have been able to find upon the questions here involved, the supreme court of Illinois hold that the city, having authorized the construction of the bridge embankment and the railroad thereon in the street fronting the premises of the plaintiff, whereby damage accrued to said plaintiff, since the city would have been liable had it made the structures causing the injury itself, was liable for the structure which it had authorized the company to make, upon the familiar principle *qui facit per alium facit per se.*

In support of this decision the court cites the following cases with a review of the doctrine laid down by the court and as modified and applied in the earlier and later cases. *Nevins* v. *The City of Peoria,* 41 Ill. 502 ; *City of Aurora* v. *Gillett,* 50 id. 132 ; *City of Aurora* v. *Reed,* 57 id. 29 ; *City of Dixon* v. *Baker,* 65 id. 518 ; *City of Pekin* v. *Brereton,* 67 id. 477 ; *City of Alton* v. *Hope,* 68 id. 167.

If then, in any such case where there is a right of recovery at all, the liability attaches to the municipality which permits and directs the doing of that which causes the damage, it follows *eo converso*, that the party which constructs and operates under such license and direction, is in no such case liable. One cannot be held liable for the consequences of an act which is lawful, and that is surely lawful which has been authorized by law.

The only case we have found directly opposed to this view is the case of the *S. C. R. R. Co.* v. *Steiner*, 44 Ga. 547.

In that case the fee of the street was in the State, which had, by its legislature, authorized the construction of the road, and the court, two judges concurring, and one dissenting, *held*, that the company was liable, restricting the damages, however, to certain only of the injuries alleged. Without stepping aside to criticise what appears to us the illogical conclusions deduced from the premises laid down in the reasoning of the majority of the court in that case, we are content to follow the decisions of the Illinois cases cited as resting upon tenable grounds and well established principles of law.

In thus disposing of this case, we must not be understood as indicating an opinion that the doctrine of *respondeat superior* applies to the city of Denver so as to attach a liability to the municipality upon the facts in this case ; such decision being uncalled for, and relating to a question *de hors* the record ; it is pertinent only that we take the law as we find it and hold it to be an immunity fully protecting the railroad company against the damages sought to be recovered in this case.

The case of *Fletcher* v. *The Auburn & Syracuse R. R.*, 25 Wend. 462, cited by counsel for the defendant in error, in support of the position that neither legislative nor municipal authority can so license a railroad company as to afford protection to the latter against claims for damages in a case like this, was substantially overruled in *Radcliffe's*

*Executors* v. *The Mayor, etc., of Brooklyn,* 4 Comstock, 195, and by the New York Court of Appeals in the cases of *Bellinger* v. *The N. Y. Central R. R.,* and *People* v. *Kerr,* cited, *post.*

In the case cited in 41 Cal, (*Reed* v. *S. P. R. R. Co.*) 256, the proceeding was a statutory one for the condemnation of a street, the fee of which was in the abutting lot owners.

The Wisconsin cases cited all proceed on the proposition, that the fee of the streets in that State is not in the municipality permitting the construction of the roads, but in the adjoining lot owners.

In further support of the principles upon which we rest our decision of this case, we cite, in addition to the authorities given above, the following well-considered cases: *Hatch* v. *Vt. Cent. R. R.,* 25 Vt. 58. (Opinion by RED-FIELD, C. J., and given in 1 Redf. Am. Railway Cases, 285.) *Tenn. & Ala. R. R.* v. *Adams,* 3 Head (Tenn.), 596; *A. & N. R. R.* v. *Garside,* 10 Kans. 563; *Bellinger* v. *N. Y. Cent. R. R.,* 23 N. Y. 42; *People* v. *Kerr,* 27 id. 188; *Killinger* v. *Forty-second Street,* 50 id. 206; *C. & P. R. R.* v. *Speer,* 56 Penn. 325; *Wolff* v. *Cov. & Lex. R. R.,* 15 B. Munroe, 404; *Slatten* v. *Des Moines Valley R. R.,* 29 Iowa, 148; *City of Davenport* v. *Stevenson,* 34 id. 225; *Porter* v. *North Mo. R. R.,* 33 Mo. 128; *C. B. & Q. R. R.* v. *McGinnis* (Sup. Court Ill.), 4 Cent. Law Jour. 11 [and note elaborately reviewing the English and American cases on the subject]. See, also, Dillon on Mun. Corp., § 556; Cooley on Const. Lim., §§ 552-5.

The errors assigned in respect to the measure of damages, and excess of the verdict, we need not pass upon, inasmuch as for the error in rejecting the evidence in question, offered by the defendant below, the judgment must be reversed.

*Judgment reversed.*