O'Connor v. St. L., K. C. & N. R. Co.

56  735
119  482

1. **Railroads**: CONSTRUCTION OF ON STREETS: INSTRUCTIONS. Instruc-tions, in an action to recover damages for injuries to property by reason of the construction of a railroad on the street adjacent, considered and held erroneous as inapplicable to the issues made by the pleadings.

2. ——: ——: DAMAGES TO ABUTTING PROPERTY. In such actions the measure of damages is the difference between the rental value of the property with the road as constructed and its rental value if the road had been properly constructed.

*Appeal from Van Buren Circuit Court.*

FRIDAY, OCTOBER 21.

THE plaintiff is the owner of a lot in the city of Ottumwa, and in his petition, which consists of three counts, states in the first that the track of defendants' road is constructed in said city along and across Mill street, and where it crosses said street there is an embankment twelve feet higher than the grade of the street over which said road is operated, and that said embankment "is impassable for ordinary vehicles" so that the said lot "is not accessible from and over said Mill street * * * ; that the defendant permits the said em-

bankment to remain so constructed in and across said Mill street and continues to obstruct plaintiff's ingress and egress to and from said lot, to his great damage."

In the second count it is stated that said lot extends back to an alley and defendant "has caused a track of its said road to be laid down and over and across said alley     *     *     * so close to the line of said lot that in using said track last named the defendant uses and occupies of said lot at least seven feet," and in running cars over said track, "run over and upon the fence of petitioner" and broke and destroyed the same, to his great damage.   It was stated in both of said counts the road was run and operated without right or authority.

The third count need not be set out.   There was a denial of the allegations of the petition and trial by jury.   Verdict and judgment for the plaintiff, and defendant appeals.

*Trimble, Carruthers & Trimble*, for appellant.

*H. B. Hendershott*, for appellee.

Seevers, J.—In 1866, the city of Ottumwa passed an ordinance granting the right of way over and upon the street and

1. RAILROADS: construction of on streets: instructions.

alley aforesaid to the St. Louis & Cedar Rapids Railway Company.   The conditions upon which said right was granted were that the company should make all necessary culverts or openings for good drainage and keep up good crossings of the track when necessary."

To the rights of said company the defendant has succeeded.

The jury were instructed as follows: The plaintiff concedes in this case "that the fee of the streets and alleys of the city of Ottumwa is in the public, and hence under the ordinance in evidence     *     *     * the defendant would have the right to construct its road over and across Mill street in said city, and would not be liable for so doing to the plaintiff     *     *     * unless     *     * such right was used in an improper or negligent manner."

"The ordinance does not fix any grade or elevation which the defendant shall not exceed in crossing said street, and hence there is no particular elevation at which the defendant would be required to cross the street, nevertheless the defendant would not have the right to construct the road at any grade it might choose * * * but it would be its duty to construct the same at no greater elevation than was reasonably necessary and proper for the construction of its road on and over said street, but when constructed, at such elevation as was reasonably necessary and proper, the defendant would not be liable for and on account of the elevation of the embankments on and over said street." No complaint is made of these instructions; they therefore constitute the law of the case, and they are in accord with *Slatten v. D. V. R. Co.*, 29 Iowa, 148, and *Cadle v. Muscatine Western R. Co.*, 44 Id., 11, the rule being, briefly stated, that the defendant is only liable for the negligent or improper construction of its road.

The court also instructed the jury that, while the foregoing is the rule, still it was the defendant's duty to construct good, safe and sufficient crossings over its railway, and, "in constructing such crossings * * * it would be the defendant's duty to do so with due regard to the convenience of the public travel thereon as well as to the plaintiff's right of ingress and egress to his lot." By this instruction, as we understand, the court meant the failure to put in crossings might amount to negligence or improper construction.

In so instructing the jury we think the court erred, because there is no allegation in the petition the crossings were defective, or there were none constructed, or that the road was constructed in an improper manner because there were no crossings, or that the same were necessary. The instructions are erroneous because inapplicable to the issue. The only ground upon which damages are asked in the petition is that the embankment is twelve feet higher than the grade of the

street, and because of this fact access to the lot is cut off or rendered difficult.

II. As to the alley, damages are sought to be recovered on two grounds only; first, because the track occupies a portion of the plaintiff's lot, and second, of the breaking down of the fences. Such being the issue, the court instructed the jury that, "the defendant had the right to construct its roadway along the alley in the rear of plaintiff's lot, unless in so doing the plaintiff would be deprived entirely of the use thereof, and his approach to his lot was entirely obstructed thereby, and except as aforesaid the defendant would not be liable for so doing unless it constructed or located the same in a careless or negligent manner." This instruction is erroneous because inapplicable to the issue. It not being alleged the road had been improperly constructed along, over or across the alley, nor is any complaint made because the whole alley is occupied and the plaintiff excluded therefrom and from his lot.

III. Evidence was introduced against the defendant's objection tending to show the rental value of the property before the road was constructed and afterward. 2. —— : —— : damages to abutting property. It should have been excluded because no distinction was made between a proper and improper construction of the road.

The true measure of damages in such cases has been held to be the difference between the rental value of the lot with the road as constructed, and the rental value if it had been properly constructed. *Cadle v. R. R. Co.*, before cited.

It is deemed unnecessary to notice the other errors assigned.

REVERSED.