# MOLANDIN *v.* BURLINGTON AND COLORADO R. R. CO.

*(In the Superior Court of Denver, Nov. 12th, 1883—On Demurrer.)*

1. DAMAGE TO PRIVATE PROPERTY. The constitution of Colorado se-
cures to the owners of property the right to compensation for any damage
sustained by reason of the use of street by railroad.

2. SAME—RIGHT OF WAY BY CITY—THE FEE OF THE STREETS.
Whether the fee of the streets is in the city is not material.   If the city
hold the fee it is in trust for the public.   No license from the city can de-
feat the constitutional right of the citizens to compensation.

DAWSON, J.

The plaintiff alleges that he is the owner of certain lots in the
city of Denver, on which are situated a hotel, dwelling houses
and other inprovements of considerable value; that the de-
fendant, without his consent and against his will, and without
making or tendering any compensation, or by condemnation
or other proceedings securing the right of way, and with a
strong hand entered upon that portion of the public street in
said city adjacent to the plaintiff's property, and laid its rail-
road track, and from thence hitherto has occupied and used
said street for the running and operation of its trains; that,
"by the obstruction to travel in said street thereby, plaintiff's
guests are kept away from his said hotel, the rental value and
use thereof is greatly diminshed, the property endangered by
fire, the rate of insurance greatly increased, the quiet and com-
fortable enjoyment thereof, by the dirt, dust and sparks cast
thence by passing engines, and constant noise of trains at night,
is greatly injured, and by reason thereof he has sustained dam-
ages in the sum of two thousand dollars, for which sum he asks
judgment."

Defendent, in its answer, as a second defense, sets up and re-
lies upon certain ordinances passed by the city council of the
city of Denver, by which the right to lay said tracks and make
such use of said street is granted to defendant.   To this de-
fense in the answer a general demurrer is interposed.   Counsel
for defendant, in his oral argument and in his brief, cited quite
an array of authorities in support of the defense, but as most
of the cases cited arose under statutory and constitutional pro-

visions different from those existing in Colorado, I shall not at this time review them at length.

Section 15 of Article II of the Constitution of Colorado provides that "private property shall not be taken or damaged for public or private use without just compensation." The question is, whether this provision of the constitution does not secure to plaintiff the right to compensation for his damages, notwithstanding the authority granted defendant by the city council.

Defendant's counsel relies with confidence upon the ruling of the Supreme Court in *Colorado Railroad Company* v. *Molandin*, 4 Colo., 154, as conclusive of this question—that decision having been rendered subsequent to the adoption of the constitution. So it would be if it appeared from the opinion that the effect of the constitutional provision was before the Court and passed upon in that case. An examination of the opinion, however, discloses the fact that it was based entirely upon other grounds, and this constitutional provision was not considered.

Whatever may be the rule elsewhere, or may have been the rule here prior to the adoption of the constitution, I am of the opinion that under the constitutional provision as quoted above, private property cannot be taken or damaged for public or private use except upon the condition that compensation be made to the owner. Nor can the city council, by granting the right of way through public streets, deprive the owner of the property damaged by such use, of his remedy secured by the constitution. Whether the fee of the streets is in the city or in the owner of abutting property, can make no difference. If the fee is in the city it is held in trust for the use of the abutting owners and the public. It is not necessary to the right of action that there shall be actual physical injury to the property of the plaintiff, but it is sufficient that this property is damaged as the direct result of the act of defendant. It follows that the ordinances pleaded constitute no defense to the action, and the demurrer will be sustained.

*Browne & Putnam*, for plaintiff.

*E. O. Wolcott*, for defendant.