## THE CITY OF DAVENPORT v. STEVENSON.

Corporation, municipal: APPROPRIATION OF STREETS: DAMAGES TO LOT OWNERS. The owner of a lot in a city has no such interest in the adjacent street as will entitle him to recover damages to his lot consequent upon the use of a right of way over such street, granted by the city authorities to a railroad company.

*Appeal from Scott District Court.*

MONDAY, JUNE 10.

ACTION for the recovery of expenses incurred by plaintiff in constructing a sidewalk in front of a lot owned by defendant, pursuant to the provisions of the charter and certain ordinances of the city of Davenport.

The answer of defendant sets up in substance that he is, and for many years has been, the owner of said lot, situated in the most populous portion of the city.

That on the 25th of June, 1853, the city, by an ordinance, granted to the M. & M. R. R. Co. the use of Fifth street in said city, throughout its entire length for its main track and necessary side tracks, turnouts, turntables, etc., upon certain conditions, one of which was that the said company should forever, at its own proper cost and charges, but under the direction of the city authorities, grade, pave or plank the entire street, so as to make a complete roadway. That said grant was accepted by said company, which partially graded the same and planked a portion of the sidewalks in said street. That on the 3d of June, 1857, in consideration of $50,000 in the capital stock of said company, issued to said city, an ordinance was passed by the city council releasing said railroad company from all obligations further to pave or plank said street ; and, also, granting to said company the right to lay down a second track in said street. That said street is now, and has ever since been used under said ordinances by said railroad, and that two tracks have been laid with numerous side tracks, switches and turnouts throughout said street for the almost constant passage of long trains of cars, causing great injury to the property along said street. That the condition in said first ordinance, imposing upon the railroad company the obligation of grading, paving or planking the entire street, was made by said city for the benefit of the property owners

along said street, and in consideration of the injuries thereto by reason of such use of the street, and was so understood and assented to, both by the said city, and the said railroad company. That said ordinance releasing the said railroad company from its obligation to grade and pave, or plank the street, is null and void, and that said obligation still rests upon the railroad company, for the reason that the right to said obligation had become vested in the property owners, of which they could not be divested by said ordinance, and if said ordinance should be construed to be binding, as being in the nature of a contract between the city and the railroad company, thereby releasing the company, that then the obligation was transferred to the city, and was thereby assumed by it, and it could not compel the property owners to refund to the city the costs and charges of laying the sidewalks.

A demurrer to this answer was sustained, and, the defendant refusing to amend, judgment was rendered for the plaintiff for the amount claimed. Defendant appeals.

*James T. Lane* for the appellant.

*John N. Rogers* for the appellee.

DAY, J. — It is conceded that the city of Davenport owns the fee in the streets. The city, by ordinance, authorized the M. and M. Railway Co. to lay its track along Fifth street. It is not claimed but that the road was constructed and is now used with reasonable skill and care.

The position of appellant is that the owner of a lot has such an interest in the adjacent street as entitles him to recover the damages to his lot consequent upon the use of the right of way over said street by a railway. That the obligation to grade, pave or plank the street was imposed upon the railroad company by the city of Davenport for the benefit of the abutting lot owners, in consideration of the injury to their rights of property by this new use of the

street. That the right to have this obligation enforced against the railroad company became a *vested* right in the property owners. That the subsequent ordinance of the city releasing the railway company from its obligation to grade and pave is void, in consequence of its interference with this vested right; or if binding between the city and the railway company, that the obligation to pave said street devolves upon the city. Appellant's argument is grounded upon his right to recover damages for the use of the street for railway purposes, for if no such right exists, there was no consideration moving from him for the undertaking to pave the street, and he acquired no vested interest in said agreement.

The existence of this right was denied in *Slatten* v. *Des Moines Valley Railroad Company*, 29 Iowa, 148, upon full consideration, and a review of many of the authorities cited in appellant's brief.

A majority of the court, considering this adjudication as decisive against appellant's defense, deem it unnecessary to devote further space to the consideration of the question presented.

The chief justice concurs in the general result of this determination, but bases his opinion upon the view that the undertaking of the M. & M. Railway Company to grade and plank the street so as to make a complete roadway did not render it liable for the construction of sidewalks.

Affirmed.