JUNE TERM, 1873.           299

Chicago, Newton & Southwestern R. R. Co. v. The Mayor of Newton.

THE CHICAGO, NEWTON & SOUTHWESTERN RAILROAD CO. v.
THE MAYOR AND TRUSTEES OF THE INCORPORATED TOWN
OF NEWTON *et al.*

1. **Railroad;** RIGHT OF WAY OVER STREETS OF A CITY. A railroad company
   has a right, under section 1321 of the Revision, subject to proper equi-
   table and police regulations, to pass over a street in a city without con-
   sent of the city authorities, and without *previous* payment to the city of
   the damages occasioned by such occupation.

2. —— PLEADING. An allegation that the plaintiff is a corporation duly
   organized and engaged in building a railroad, implies that it has assumed
   the responsibilities of a common carrier.

*Appeal from Jasper District Court.*

THURSDAY, APRIL 10.

THE plaintiff filed in the Jasper district court a petition for
injunction, as follows :

I. Your petitioner respectfully represents and makes known
to the court, that they are a corporation duly organized and
existing under and by virtue of the laws of Iowa, and engaged
in building a railroad in a northerly and southerly direction,
through a portion of the county of Jasper, in the State of
Iowa, and have been engaged with a large force in grading and
bridging on the line of their said road, at a great expense, in
the vicinity of Newton, in said county.

II. That prior to the commencement of said work, to wit :
About the middle of February, 1871, the trustees of said city
of Newton, in their corporate capacity, passed a resolution
submitting to a vote of the electors of said city the question of
granting the right of way to a north and south railroad com-
pany, through said town. And such proceedings were had in
the premises that at the first election held in the city
thereafter, to wit: On the 6th day of March, A. D.
1871, a proposition to grant a right of way through said city
to any railroad company which should desire to construct their

road in a northerly and southerly direction through said town of Newton, was duly submitted to and voted upon by the voters of said city, and a large majority of all the votes cast were in favor of granting the right of way. Your petitioner says, that petitioner cannot set out copies of the resolution above referred to, and of the record of the result of said election, for the reason that, notwithstanding your petitioner has sought and requested an inspection of the records of the said corporate town, and have carefully examined every book which they have been able to find, they have not been able to find any record of either the resolution aforesaid, or of the result of said election; wherefore, your petitioner alleges, that the defendants failed to enter of record the facts and proceedings above recited, or have suppressed and destroyed the same. That your petitioner relied upon the right conferred by the vote aforesaid, and have constructed their line of road in such manner that it becomes absolutely necessary to pass over and upon Mechanics street, in said town, in order to accommodate the grade of petitioner's road to that of the Chicago, Rock Island and Pacific railroad, as required by law to do so.

III. That said Mechanics street is remote from the business portion of said town, is sparsely settled, with not more than twelve inhabited houses standing within 100 feet of the center of said street, on its whole length. That your petitioner has offered in writing to so construct plaintiff's road, as to conform strictly to the established grade of said city, and to put said street in as good order and condition as it was before the alteration, as soon as possible; a copy of which said offer is hereto attached, marked exhibit A, and made a part hereof with the same effect as if fully incorporated in this bill.

IV. That notwithstanding the premises, the trustees of the town of Newton aforesaid, pretending to act in their official capacity, have threatened to prevent the further construction of your petitioner's road, and have, by their marshal, defendant herein, notified your petitioner to desist from further work on said road, and threatened to arrest your petitioner's hands engaged in said work, for creating a nuisance; and, unless re-

strained by injunction, will, as your petitioner alleges and believes, so obstruct, harass and impede your petitioner in plaintiff's work, as to compel plaintiff to desist, to plaintiff's great loss and injury. Your petitioner says, that plaintiff has done a large amount of work, and expended large sums of money in building its road within the corporate limits of the town of Newton aforesaid, without objection from defendants.

V. And petitioner further says, plaintiff has done a large amount of work and expended other large sums of money on Mechanics street aforesaid, in said town, under the direct control and supervision of the street commissioner of said town of Newton, and with the knowledge and consent of the mayor and trustees of said town, which labor and money so expended will be totally lost to this plaintiff unless plaintiff is allowed to extend its railroad to the line of the Chicago, Rock Island and Pacific railroad, and form a junction therewith, over and across Mechanics street, and through said town of Newton. Wherefore your petitioner prays that a temporary writ of injunction may issue commanding the defendants, their agents, officers and servants, from molesting or in any manner interfering with your petitioner, in the erection or completion, or operation of petitioner's railroad; and upon the final hearing of this case that said injunction be made perpetual; and for such other and further relief in equity as to the court may seem just and equitable.

A temporary injunction was granted upon this petition as prayed. Subsequently the defendant demurred to this petition, for the reasons that it is not alleged that the town of Newton under its charter had power to make the grant nor that the grant was made to plaintiff. The town of Newton had no authority to make the grant alleged, and plaintiff can obtain no rights by relying on a void act. The vote under the resolution gave plaintiff no rights. The fact that the street is not densely populated confers no rights upon plaintiff. The offer made by plaintiff can in no way enlarge his rights. The failure by defendant to resist the appropriation of the street cannot give plaintiff the right to appropriate it.

It is not alleged that the right to appropriate the street exists by law, and the several matters alleged are insufficient to convey the right. It is not alleged that any proceedings were had to condemn the street for right of way. It is not shown that the appropriation of the street does not damage property belonging to defendant, nor does it allege payment or offer to pay for such appropriation. No reason is shown why the street should be appropriated. It is not shown that plaintiff is such a corporation or constructing such a road, as a work of public utility as would entitle them to appropriate the streets for right of way. This demurrer was overruled, and defendants appeal

*Winslow & Wilson* and *Howe & Campbell* for the appellant.

*Clark & Ryan* for the appellee.

DAY, J. — Most of the assignments of demurrer are directed to separate portions of the petition, and raise no question of the sufficiency of the entire petition to entitle the plaintiff to the relief prayed.

1. RAILROAD: right of way over street of city.

Without noticing in detail the various grounds of demurrer, we propose to consider the general question which they seem fairly to present. In the view which we take of the case we deem it unnecessary to consider the power of the electors of the town by vote to grant to plaintiff the right of way over the streets of the town, or whether such vote conferred upon plaintiff any rights.

The principles settled in *City of Clinton* v. *Cedar Rapids and Missouri River Railroad Co.*, 24 Iowa, 455, are, to our mind, decisive of the matter involved in this controversy. The city of Clinton had by ordinance declared that no railroad company should be permitted to construct its track across any alley, street or avenue in the city. Notwithstanding this inhibition, and without any authority from the city, the Cedar Rapids and Missouri River Railroad Company entered upon the streets of said city, and commenced the construction of its

road over and along the same. From an order of the district court restraining the defendant from such use of the streets, the defendant appealed to this court, and the judgment of the court below was reversed. Three of the judges held that under the general right of way act, a railroad company, subject to equitable control to prevent the abuse of the power, has the right, so far as reasonably necessary, to use the streets in a city.

Upon this question DILLON, Ch. J., expressed no opinion, as he based his conclusion upon other legislation. WRIGHT and BECK, JJ., were of opinion, upon the authority of the *People* v. *Kerr*, 27 N. Y. 188, that the company might exercise this right without making any compensation, whilst Mr. Justice COLE was of opinion that the city of Clinton had such an interest in the streets as to be entitled to compensation for any damages which such occupation might occasion. But as the court were unanimous in the opinion that the injunction should be dissolved, no member of it could have regarded the payment of damages as a condition precedent to the right of occupancy.

The views of a majority of the court in that case settle the following propositions: 1. That a railroad company has a right, under the provisions of section 1321 of the Revision, subject to proper equitable control and police regulations, to pass over a street in a city without the consent of the city authorities. 2. That this right does not depend upon the *previous* payment to the city of the damages occasioned by such occupation. These principles are decisive of the present case. Under them the occupation of defendant's streets by plaintiff could in no sense be regarded as a nuisance, and the defendant had no right to arrest or in any manner interfere with plaintiff in the prosecution of the work thereon. In this view it becomes unnecessary now to pass any opinion upon the question which before divided the court, as to whether the defendant has such property in the soil of the streets, as to entitle it to damages for the occupation of the same for the right of way for a railroad.

It is sufficient for the present purposes that these damages are not of such character that their payment must precede the use of the street for such purpose.

The demurrer was properly sustained.

Affirmed.

OPINION ON REHEARING.

DAY, J.— One of the grounds of demurrer is that the petition does not show that plaintiff is such a corporation, or constructing such a road as a work of public utility, as would entitle plaintiff to appropriate the streets for a right of way. Upon a petition for rehearing, defendants ask that we determine as to the necessity of alleging in the petition that plaintiff is constructing a railroad as a work of public utility. Section 1278 of the Revision, 759 of the Code of 1851, is as follows: " When any corporation or other person designs to construct a canal, or a railroad, or a turnpike, graded, macadamized, or plank-road or a bridge, as a work of public utility, although for private profit, it may take such reasonable amount of private real property as may be requisite for a right of way, not exceeding one hundred feet in width, upon paying therefor such sum as may be assessed in the manner herein provided."

*2. —— pleading.*

This section, it is to be observed, authorizes any corporation *or other person* to appropriate the right of way for any of the designated purposes, the only restriction being that the improvement shall be constructed *as a work of public utility.*

Afterward the act of January 18, 1853, Laws of the Fourth General Assembly, chapter 31, was passed. Section 1 of this act, 1314 of the Revision, provides: " That any railroad corporation in this State heretofore organized, or that may hereafter be organized under the laws of this State, may take and hold, under the provisions contained in this act, so much real estate as may be necessary for the location, construction and convenient use of their road."

This section effects important changes in the law existing at the time of its enactment. It confers the power to take prop-

erty for right of way, upon *any railroad corporation organized in this State.*

By becoming incorporated, a railroad company assumes the duties of a common carrier.

In the allegation of the petition that the plaintiff is a corporation duly organized, and engaged in building a railroad, there is implied an allegation that it has assumed all the common-law liabilities of a common carrier. It is not, in our opinion, necessary that the petition should allege more. We hold that the petition states a *prima facie* case, and we determine nothing more.

Affirmed.