DAVIS v. THE C. & N. W. R. Co. ET AL.

1. **Pleading**: IRRELEVANT MATTER: MUNICIPAL CORPORATIONS. In an action against a city and railroad company to prevent the occupancy of a street by the latter, and for damages therefor, it was *held* that allegations in the petition to the effect that other streets were occupied by other railway companies were immaterial, and might be stricken out upon motion.

2. **Railroads**: OCCUPANCY OF STREET: MUNICIPAL CORPORATION. Where a railway company has been granted the right by the city council to occupy with its track the street of a city, the laying down of an additional track without the consent of the municipal authorities does not of itself constitute a nuisance or entitle an adjacent property owner to damages therefor.

*Appeal from Pottawattamie District Court.*

SATURDAY, June 16.

I.  ON July 29, 1872, the plaintiff filed a petition in equity, alleging:

1.  That the defendant, the C. & N. W. R'y Co., was a corporation duly organized according to law; and the defendant, the city of Council Bluffs, is a municipal corporation duly organized; that he is the owner in fee of one hundred and sixteen lots in Fleming and Davis' addition to the city of Council Bluffs, the particular description of which is set out.

2.  That the defendant, the city of Council Bluffs, by an ordinance, March 23, 1872, granted to the C. & N. W. R. Co. right of way for a single track over Durant street, in said city, to the transfer ground.

3.  That said Durant street extends the entire width from east to west in said Fleming and Davis' addition, and is contiguous to a large portion of plaintiff's lots.

4.  That under said ordinance the C. &. N. W. R. Co. took possession of said street, and constructed its single track pursuant to said ordinance; and, in disregard thereto, constructed a second track also, thereby occupying the entire width of said street, and rendering it unfit for the purposes of a street.

5.  That the said city by ordinance, October 29, 1869,

granted to the B. &. M. R. R. Co. the right of way for a single track over Farnum street to said transfer grounds.

6.   That said Farnum street extends through the entire width of said addition, and is also contiguous to a large portion of said lots, and is the first street north of Durant street.

7.   That said B. & M. R. R. Co. built a single track along said street pursuant to said ordinance; and, in disregard of its provisions, also built a second track, thereby occupying the entire street, and rendering it unfit for the purposes of a street.

8.   That defendant, the city of Council Bluffs, by an ordinance of June 7, 1872, also granted to said B. & M. R. R. Co. the right of way for a double or single track across Durant and Bellevue streets, in said addition.

9.   That said Bellevue street extends through the entire length of said·addition from north to south at right angles with Farnum and Durant streets, and is also contiguous to many of said lots.

10.   That plaintiff is informed and believes the said B. & M. R. R. Co. is about to take possession of said Durant and Bellevue streets, and by virtue of said ordinance to construct its road thereon, which will deprive plaintiff of all means of access to his property, and render said streets entirely unfit for use as such.

11.   Said city also, by ordinance of date ·July 17, 1857, granted the M. &. M. R. Co. the· right of way for a double track the full length of Railroad street to said transfer grounds.

12.   That the said Railroad street runs through the center of said addition from east to west, and is contiguous to a large number of said lots, and the next street south of Durant street.

13.   That prior to the commencement of this action, and prior to the taking possession of said Railroad street, the C., R. I. & P. R. R. Co. succeeded to all the rights and privileges of the said M. & M. R. Co., and to the ownership of its road.

14.   That after said C., R. I. & P. R. Co. had succeeded to said ownership, it took possession of said Railroad street and constructed two tracks thereon, pursuant to said ordi-

nance; and, in disregard thereof, also built a third track through the entire width of said addition, and contiguous to many of the said lots, thereby occupying the whole of said street, and rendering the same unfit for use as a street.

15. That said defendant, the city of Council Bluffs, by ordinance March 2, 1872, granted to the K. C., St. J. & C. B. R. Co. the right of way for a single track along the north side of Commercial street, in said city, to said transfer grounds.

16. That said Commercial street extends the entire width of said addition from east to west, and is contiguous to a large number of said lots.

17. That said K. C., St. J. & C. B. R. Co. took possession of said Commercial street and built its track through said addition pursuant to said ordinance; and also in disregard thereof built a double track with the knowledge and consent of said city, thereby rendering said street unfit for the use of a street.

18. That said Farnum, Durant, Railroad and Commercial streets are successive and contiguous streets running east and west through the middle portion of said addition, and are the principal streets thereof; that said Bellevue street is in said addition running at right angles with the others, and by the use thereof for said tracks the plaintiff is deprived of all means of access to his property.

19. That by reason of said matters a nuisance has been created by said defendants by reason whereof your petitioner has been obstructed in the free use of his property and in the enjoyment thereof and greatly damaged; that the said occupation and grievances still continue, and the said nuisance remains unabated. Wherefore, your petitioner prays a decree adjudging that said acts constitute a nuisance; that said nuisance be abated forthwith, and the defendants enjoined from continuing or renewing the same, and for damages by reason of the establishment and continuance thereof. A plat of said addition accompanies the petition showing the location of the lots and streets.

On December 7, 1872, the defendant, the C. & N. W. R. Co. moved to strike from said petition all the paragraphs from No.

5 to No. 17 inclusive, because the same are irrelevant and redundant, which motion the court sustained, and the plaintiff at the time excepted. On December 17, 1872, the plaintiff, by leave of court, filed an amendment to his petition setting forth:

1. That on May 29, 1857, and prior thereto, the plaintiff, Robert Davis, and Samuel L. Fleming were the owners of the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ Sec. 35, Tp. 75, R. 44 West, and on said day duly laid out, platted and recorded thereon an addition to the city of Council Bluffs known as Fleming and Davis' addition.

2. Afterwards, the said Davis and Fleming made an amicable partition of said lots, and plaintiff herein became the owner in fee of those lots described in the first paragraph of the original petition herein.

3. That Farnum street extends east and west through said addition parallel to and next north of Durant street, occupied by the defendant, the C. & N. W. R. Co., as alleged in said original petition; that said Railroad street extends east and west through said addition parallel to and next south of Durant street; that Commercial street extends east and west through said addition parallel with and next south of said Railroad street, and that Bellevue street runs through said addition north and south, at right angles with said streets.

4. That said streets are public highways, and afford the only means of access to plaintiff's lots.

5. That the defendant, the city of Council Bluffs, has pretended to grant the right of way over said Farnum, Railroad, Commercial and Bellevue streets to various railroad companies, to-wit: Over Farnum street to the B. & M. R. R. Co., over said Railroad street to the C., R. I. & P. R. Co., over said Commercial street to the K. C., St. J. & C. B. R. Co., and over said Bellevue street to the B. & M. R. R. Co., and each has taken possession thereof and laid their tracks thereon.

6. Thereby the said Commercial, Railroad and Bellevue streets were totally blockaded and rendered unfit for use as highways and means of access to said property; that notwithstanding such facts the city of Council Bluffs, without authority

pretended to grant to said defendant the, C. & N. W. R'y Co., the right of way over said Durant street, and claiming under said grant the said company has occupied the same for their track as alleged in the original petition, and wholly destroyed the same for use as streets and means of access to said property; and said defendants have combined together wrongfully and illegally to deprive your petitioner of access to his said property and the comfortable use thereof.

That said acts of said defendants were wrongful and without authority, and the said C. & N. W. R'y Co. has no lawful right to take possession of said street.

8. That by the wrongful acts of the said defendants, the said Durant street has been totally destroyed and rendered wholly unfit for use as a street, and plaintiff's access to his property has been cut off and he is totally deprived of the means of ingress to or egress from the same. Wherefore, your petitioner prays judgment and decree as in his original petition.

On December 24, 1872, the defendant, the C. & N. W. R'y Co., moved to strike from the amended petition counts 2, 3, 4, 5, 6, 7 and 8, on the ground that they were irrelevant and redundant; and on December 27, 1872, the court sustained said motion as to paragraphs 3, 4, 5, 6, 7 and 8, to which the plaintiff excepted. December 28, 1872, the defendants demurred separately to the petition and amendments, because:

1. Said petition and amendment do not state facts sufficient to constitute a cause of action.

2. They state facts which avoid the cause of action.

And on June 29, 1873, the court sustained said demurrer and the plaintiff electing to stand by his pleading, judgment of dismissal was entered and thereupon plaintiff appeals.

*Sapp, Lyman & Hanna*, for appellant.

*Baldwin, Wright & Rising*, for the C. & N. W. R. Co., and *E. E. Aylesworth*, for the City.

COLE, J.—I. Our statute (Revision 1860, Sec. 2946), provides that the court may, on motion, cause irrelevant or

redundant matter to be stricken from the pleading. The alle-

1. PLEADING: irrelevant matter: municipal corporation.

gations in the paragraphs of the original petition, from 5 to 17 inclusive, bear no relation whatever to the wrong alleged against the defendant. If the occupancy by the defendant, the C. & N. W. R'y Co., of Durant street is illegal, it is no more so because other streets may be occupied by other railroad companies, and if its occupancy is lawful, the occupancy by the others would not make it unlawful. And hte same doctrine would apply to the paragraphs stricken from the amendment to the petition. No evidence could properly be admitted to establish the allegations of the rejected paragraphs, even if issue had been taken thereon. Still it may not have been improper to aver, as an ultimate fact and to show all the surroundings, that other streets were also occupied by other railroads.

The facts in detail as alleged were redundant and are unnecessary, incumbering the record. It was, therefore, no error to strike the same.

II. *As to the demurrers.* It was held by the court in *Milburn et al. v. The City of Cedar Rapids et al.*, 12 Iowa,

2. RAILROADS: occupancy of street: municipal corporation.

246, that the legislature of this State, by its right of way act, has conferred upon railroad companies the right to construct their tracks over and along the streets of towns and cities, the consent of the council being first obtained, and that railroads so constructed cannot be considered as public nuisances. In *The City of Clinton v. The C. R. & M. R. R. Co.*, 24 Iowa, 455, it was held that the same statute gave the right to railroad companies to so occupy the streets of a city without the consent of the city and without compensation. It may not be out of place for the writer hereof to state that his assent to that conclusion, so far as respects the right to occupy, was based upon the case of *Milburn v. The City of Cedar Rapids, supra,* and he did not concur in the view that the same could be taken without compensation, and that the same difference of opinion between the majority and the writer is further illustrated in the case of *The City of Des Moines v. Hall,* wherein the writer hereof dissented, holding that the fee which is vested in the

city by platting and recording was limited to the uses for which the streets were dedicated. It was also held by this court in the case of *The Newton & Southwestern R Co. v. Mayor etc.*, 36 Iowa, 299, that a railroad company has the legal right, under the right of way act, subject to proper equitable control and police regulations, to pass over the streets of a city without the consent of the city authorities, and that such right does not depend upon a previous payment to the city of the damages occasioned by such use of its streets. The same ruling, in substance, was followed in *Cook v. The City of Burlington*, 30 Iowa, 105, and in the same case subsequently before the court. 36 Id., 357. Such right to occupy a street was also affirmed by this court in *Slatten v. D. V. R. R. Co.*, 29 Iowa, 148; *The City of Clinton v. The C. & L. R'y Co.*, 37 Id., 61, and in *Ingraham, Kenedy & Day v. The C. C. & D. N. Co.*, 34 Id., 249. The meaning of the phrase "subject to proper equitable control," as used in the cases cited *supra*, refers to the right of a court of equity to control the railroad companies to the occupation of such streets as shall equally accommodate them and occasion the least practical injury to the city. It does not extend to the power to prohibit or declare such occupation a public nuisance, for that would be to override the statute and to deny the legal right which has been repeatedly adjudged was given to the railroad companies by the legislature in the right of way act.

This doctrine has been so frequently affirmed in this State for the last fifteeen years, during which time the same statute has been twice re-enacted, that it is now too late for this court to change its ruling, especially in view of such apparent general and legislative approval.

It may not, perhaps, be too much to say that the experience resulting to the public during this time has demonstrated at least the measurable impracticability of a joint and convenient occupancy and use of a street by a railroad company, with its engines and cars, and the general public with their teams and vehicles; but any change of laws which may be rendered

necessary by the knowledge coming from this experience can only properly be made by the legislative authority.

Since, therefore, the defendant, the C. & N. W. R'y Co., has a legal right to occupy the streets for its tracks without the consent of the city, or compensation to it, the laying of more tracks in any street than was authorized by the ordinance or consent of the city would not of necessity make them a public nuisance.

If the railroad company has failed to do its duty in the manner in which it has laid its track upon the public highway, the statute, Rev. Sec. 1321-2-3, provides a remedy. If the manner of laying their track or constructing their road requires alteration or amendment, so as to render the obstruction caused by them as diminutive as is practicable, the plaintiff can secure such amendment under these sections; but such facts would not constitute them a nuisance.        AFFIRMED.

ON REHEARING.

SEEVERS, J.—A rehearing having been granted it becomes our duty to re-examine the questions which have been so ably and elaborately discussed by counsel.

I.   It is said in the foregoing opinion, "it may not have been improper to aver, as an ultimate fact and to show all the surroundings, that other streets (than the one occupied by defendant) were also occupied by other railroads," and it is therefore urged that the motion to strike out portions of the amended petition should have been overruled in the court below.   Standing alone the paragraph above quoted might bear such construction, but when other portions of the opinion are read in connection therewith we think no such construction can be fairly claimed.   The pivotal question is that the defendant railroad company should not be prejudiced or held liable for the occupation of other streets by other railroad companies; nor does the fact that other streets are so occupied tend to prove that the occupation of Durant street is a nuisance.   The character and situation of plaintiff's property, and the state and condition of the streets and approaches thereto, could be shown for the purpose of enabling the court or jury

to determine the damages the plaintiff was entitled to recover, without any averment in the petition in relation to other streets, or whether they were obstructed or not. It cannot be doubted, we think, that either party may show the matters above indicated, even if there was no specific averment in the pleadings, for the purpose of enabling the jury to properly apply the evidence bearing on the question of damages.

II. It is clear that this action is in equity and seeks to have the alleged nuisance abated, and to recover damages by reason of its establishment and continuance. It is not a proceeding under the right of way act, and therefore it is useless and out of place to even discuss, much less determine, what the rights of the plaintiff would be had a different action been brought. The plaintiff bases his right to have the alleged nuisance abated and to recover damages upon the occupation of Durant street by the defendant, whereby "he has been obstructed in the free use of his property and the enjoyment thereof, and greatly damaged."

It was held in *Milburn v. The City of Cedar Rapids et al.*, 12 Iowa, 246, that a single track railroad in a street did not of itself constitute a nuisance. The only difference between that case and the present is, that here there is a double track which, it is alleged, occupies the entire street. It does not appear there was any negligence in the construction of the road or that the grade of the street has been in any manner changed, or that the second track is unnecessary or oppressive, or any other fact except the bare allegation of the construction of the road; therefore, the sweeping allegation that the street has been rendered unfit for the purposes of a street must be held to be a mere conclusion based on the facts stated. A double track undoubtedly occupies more of the street than a single one, and it may be conceded it occupies the whole street, but it does not follow that either the public or the plaintiff is thereby excluded from such street. That there are many streets where such joint occupancy exists, and where of necessity such must be the case, is undoubtedly true. Under the decisions cited in the opinion, it must be held that the railroad company, if the same be necessary for its legitimate

business, has the right to occupy the street to the inconvenience of the public. The right of way act does not limit the right of such corporations to occupy so much of the street only as is necessary for a single track.

The defendant as the representative of the public occupied the street because it was authorized to do so by the city and the right of way act, and when what is done is within the letter and spirit of the statute the same cannot be adjudged a nuisance. It may possibly be true that the exercise of a legal right in a proper manner may become a wrong, or by operation of law become a nuisance, but such cases are at least exceptional and the facts alleged in the petition do not bring this case within such exceptions. If there were allegations in the petition that the street in question was a populous one, or that large numbers of the general public were incommoded by the occupation of the street, or that owing to the grade embankment or fills the plaintiff was excluded therefrom or could not with safety travel thereon, and that his property was greatly damaged thereby, and that without great expense or inconvenience the right of way could be procured over other lands, we are not prepared to say that a court of equity could not regulate or in a proper case prohibit such use and occupation of the street. This case is clearly distinguishable from those where, owing to the improper construction of the railway, the plaintiff's business is injured and a pecuniary loss sustained.

The cases cited in the opinion sustain this proposition: When a railway is constructed over a street in a city in a careful and proper manner, the owner of an abutting lot who does not own the fee in the street cannot recover damages for consequential injury which he may sustain from the appropriation of the right of way. See, also, *The City of Davenport v. Stevenson*, 34 Iowa, 225, and *Barr v. City of Oskaloosa*, 45 Iowa, 275. This doctrine has been recognized by the courts of some of the other states and has been sustained by the most cogent reasoning. *Snyder v. The Pennsylvania R. R. Co.*, 55 Pa. St., 340; *The Cleveland & Pittsburg R. R. Co. v. Shear*, 56 Pa. St., 325; case of *The Philadelphia & Trenton R. R. Co.*, 6 Wharton, 25; *Moses et al. v. The Pittsburg, Ft. Wayne*

& C. R. R. Co., 21 Ill., 516; *Louisville & Frankfort R. R. Co. v. Brown*, 17 B. Monroe, 736; *Hatch v. Vermont Central R. R. Co.*, 25 Vermont, 49. In the last case REDFIELD, CH. J., said: "So far as this court has been able to learn, merely consequential damages to lands not taken, where no statute provision upon the subject exists, have never been regarded as entitling the party to compensation from the state or those upon whom the state confers a public franchise in the exercise of which the damage occurs.     *     *     *     * In the absence of all statutory provision to that effect no case, and certainly no principle, seems to justify the subjecting a person, natural or artificial, in the prudent pursuit of his own lawful business, to the payment of consequential damage to other persons in their property and business." The result is that the former opinion is adhered to.