THE STATE v. THE DAVENPORT & ST. PAUL R. Co.

1. **Railroad**: RIGHT TO USE A STREET. A railway company has the right, under section 1262 of the Code, subject to proper equitable control and police regulation, to pass over a street of a city without the consent of the city authorities.

2. ———: ———. The word "over," as used in the statute, is synonymous with the word "upon," and has the same meaning and effect.

3. ———: WHEN IMPROPERLY CONSTRUCTED. If the railroad be improperly and negligently constructed, an indictment therefor should in terms charge the fact.

*Appeal from Scott District Court.*

SATURDAY, DECEMBER 15.

INDICTMENT for causing a nuisance by constructing and maintaining a railway upon a highway. The charge is that the defendant did "unlawfully obstruct and encumber with the depot building or station house of said railroad company and with their railroad built and constructed upon said highway and maintained upon said highway." There was a trial, verdict and judgment for the defendant, and the State appeals.

*J. F. McJunkin*, Attorney General, for the State.

No appearance for defendant.

SEEVERS, J.—The court refused to permit any evidence to be introduced to prove the construction or maintenance of the railway upon the highway, and the correctness of this ruling is the only question presented by the Attorney General for consideration.

**1. RAILROAD:** right to use a street.

The authority to construct and maintain the railway upon a highway must be found if it exists in Code, § 1262, which is as follows: "Any such corporation may raise or lower any turnpike, plank road, or other highway for the purpose of having its railway pass over or under the same, and in such cases the corporation shall put such highway, as soon as may be, in as good repair and condition as before such alteration."

It will be observed the statute grants authority to construct the railway "over or under" the highway, while the indictment charges that it was constructed and maintained "upon" the highway. There is not, however, any substantial difference in the meaning as used between "over" and "upon," as was held in *Milburn v. Cedar Rapids*, 12 Iowa, 246. That case was decided under this same statute, and it was also determined therein that the proper construction of a railway "over" or "upon" the streets of a city, did not constitute a public nuisance. This case was followed by the *City of Clinton v. Cedar Rapids R. R. Co.*, 24 Iowa, 455, and *Chicago, Newton & S. W. R. R. Co. v. The Mayor of Newton*, 36 Iowa, 299. In the last case it is said the following proposition must be regarded as settled: "That a railway company has a right under the provisions of §1321 of the Revision (which is identical with Code, §1262), subject to proper equitable control and police regulations to pass over a street of a city without the consent of the city authorities." See, also, *Barr v. City of Oskaloosa*, 45 Iowa, 275, and *Davis v. The C. & N. W. R. Co. et al.*, 46 Iowa, 389.

It is, therefore, difficult to see how the construction and maintenance of a railway upon a street in a city can be regarded as a public nuisance. It is constructed in the particular street in pursuance of a statute of the State. The legal right to do so at law is perfect and complete. Such right, if improperly or negligently exercised is subject to equitable control, but it is supposed such equitable control can only be exercised during construction or to regulate the exercise of such legal right in proper manner.

If the railway is improperly and negligently constructed upon the street, compensation may be had by the owner of abutting property even where the fee of the street is in the city. *Cadle v. Muscatine Western R. Co.*, 44 Iowa, 11.

Upon the same principle we have no doubt that the improper or negligent construction or maintenance of a railway "across," "over," along or "upon" a street, may be a public nuisance for which an indictment would lie, and also for a failure to comply with §1262 of the Code.

3. WHEN improperly constructed.

But the indictment should so charge and the jury so find before there can be a conviction. No such allegation being found in the present indictment, the result must be that the ruling below is correct.

We have used the term street instead of highway because the previous decisions of this court have been made with reference to the former. But under the statute it is clear there can be no distinction made between the two unless it be there would be more reason for the construction, in one sense at least, of a railway over a highway in the country than upon the streets of a city.

AFFIRMED.