AT

## DUBUQUE, APRIL TERM, A. D. 1883.

IN THE THIRTY-SEVENTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES G. DAY, CHIEF JUSTICE.
  "   JAMES H. ROTHROCK,
  "   JOSEPH M. BECK,
  "   AUSTIN ADAMS,     } JUDGES.
  "   WILLIAM H. SEEVERS,

---

HEATH v. THE DES MOINES & ST. LOUIS R'Y CO. ET AL.

1. **Cities and Towns:** ORDINANCE: CONSTRUCTION OF WORD "ALONG." In an ordinance of the city of Des Moines, authorizing the defendant company to construct its road "on, over and along" certain alleys, and "along" the alley in question, *held* that the word "along" was used synonymously with "on" and "over," and not in the sense of *by the side of*.

2. ————: STREETS AND ALLEYS: GRANTING USE OF TO RAILWAYS: STATUTE CONSTRUED. The duty enjoined upon a city council by section 527 of the Code, to keep all alleys "open" and "free from all nuisances," has no reference to such obstructions as the city is specially empowered to authorize, and does not, therefore, deprive the council of the power

granted by section 464 of the Code, to authorize the use of alleys for railway purposes, even though such use may to a certain extent interfere with the ordinary use of such alleys.

3. ——: ——: ——: INTERFERENCE OF EQUITY.  Where a city council has granted to a railway company the right to lay down its track along an alley, under section 464 of the Code, equity will not interfere to restrain the company from having the damages to abutting property owners assessed, as provided in said section, and from appropriating the alley, upon the payment of such damages.  The fact that the damages to abutting property will be very great, can make no difference as to the right of the company to proceed under the law.  The cases of *C., N. & S. R. Co. v. Mayor*, 36 Iowa, 299, and *Davis v. C. & N. W. R. Co.*, 46 Iowa, 389, distinguished.

4. ——: ——: GRANTING USE FOR PRIVATE PURPOSES.  The statute confers upon a city council no authority to devote the streets or alleys to a railway track for the private benefit simply of an individual; and a person to whom the council has granted authority to lay down a private side track along an alley, takes thereunder no right which he can oppose to the right of a railroad company to appropriate the same alley, under authority from the council.

### *Appeal from Polk District Court.*

### WEDNESDAY, APRIL 18.

THE plaintiff, Heath, is the owner of lots 4 and 5, block 20, situated between Fourth and Fifth streets in the city of Des Moines, west side.  Between these lots there is an alley sixteen feet wide, running east and west.  On lot 4, north of the alley, is plaintiff's elevator; on lot 5, south of the alley, is his oat-meal mill, having a capacity to manufacture 30,000 bushels of oat-meal per annum, and in which there is a large amount of expensive machinery.  August 4th, 1879, the city council granted to the said plaintiff the right to lay, maintain and operate a side track or switch from some point on the C., R. I. & P. R. R., between Fourth and Fifth streets, along, over and across parts of lots 6 and 7, block 25, and the alleys running through the same, and between lots 4 and 5 in block 20, to plaintiff's said buildings.  The grant so made was accepted by the plaintiff on the next day, and a portion of said side tract has been laid, but what portion, or how

much, the record does not disclose. On the 21st day of March, 1881, the city council passed an ordinance, the portion of which material to this controversy is as follows: "That the right of way be and is hereby granted to the Des Moines and St. Louis Railroad Company, or its assigns, through the city of Des Moines, on, over, along, upon and across the following streets and alleys, to-wit." The ordinance proceeds to authorize the defendant to construct its road on, over and along certain alleys, crossing certain streets named, and thence along the south alley, between Court Avenue and Vine street, crossing certain streets, including West Fourth and West Fifth streets, across all north and south alleys, and thence, westerly on the alley between Cherry street and Vine street.

Acting under the authority conferred by this ordinance, the defendant, the D. M. & St. L. R. R. Co., was about to locate its track on the alley between plaintiff's buildings, and to have a sheriff's jury to proceed to assess the damages which should be paid the plaintiff therefor. Thereupon the plaintiff commenced this action for an injunction, praying that defendants and each of them, and their employes and attorneys. may be enjoined from entering upon said alley, or proceeding to assess the damages, and from in any way asserting or exercising any right to lay a track thereon. The defendant answered, the plaintiff replied, affidavits were filed, and, on the 22d day of November, 1881, an injunction was ordered as prayed, and was served upon the defendants on the 23d day of November. On the 22d day of November, the defendants gave notice of an appeal, and, on the 23d day of November, they filed an appeal bond, which was duly approved. On the 28th day of November, 1881, the defendants moved the court for an order directing the clerk to recall the writ of injunction, and that plaintiffs proceed no further under said writ, which motion the court overruled. From this ruling of the court the defendants appealed, November 30th, 1881.

*Parsons & Runnells*, for appellants.

*Wright, Cummins & Wright*, for appellee.

DAY, CH. J.—I. The plaintiff insists that the ordinance in question does not confer upon the defendant railroad company any authority to construct its line of road upon the alley between the plaintiff's lots, and claims that the only authority conferred is to construct its road by the side of the alley, at the point in question. The ordinance authorizes the defendant to construct its road *along* the alley in question. In other portions of the ordinance, the defendant is authorized to construct its road *on, over and along* certain alleys. It is claimed that this change of language is significant, and must have been employed with a purpose. We think, however, that the words *on, over* and *along* were all employed synonymously in this ordinance. The words *on* and *over*, as here employed, are clearly synonymous. The word along does not necessarily mean *by the side* of. We say "the troops marched along the highway," by which we mean that they marched *on* or *over*, not by the side of, the highway. We cannot think that the city council, by the change of phraseology, intended to authorize the defendant to construct its road by the side of the alley, on private property, over which the city had no control. We rather think that the words were employed as synonyms, and that the dropping of two of them in the part of the ordinance. in question possesses no significance whatever.

II. It is claimed by the appellee that, if the ordinance gives the power to occupy this alley, the council exceeded its authority in passing the ordinance. In support of this position counsel refer to the following provisions of the Code:

"SEC. 464. The council shall also have power to authorize or forbid the location or laying down of tracks for railways and street railways on all streets, alleys and public places."

"SEC. 527. The city council shall have the care, preservation and control of all public highways, bridges, streets, al-

*1. CITIES and towns: ordinance: construction of word "along."*

*2. ———: streets and alleys: granting use of to railways: statute construed.*

leys, public squares and commons within the city, and shall cause the same to be kept open and in repair, and free from all nuisances."

"Sec. 1262. Any such corporation may raise or lower any turnpike, plank road, or other highway, for the purpose of having its railway cross over or under the same, and, in such case, said corporation shall put such highway, as soon as may be, in as good repair and condition as before such alteration at such place of crossing."

It is insisted that section 527 of the Code requires the council to keep all alleys open and in repair, and that no authority can be conferred, under section 464, to lay a railway track in an alley, if it will have the effect to close the alley for the purposes contemplated in its dedication, so that it cannot be kept open. It is evident, however, that this process of reasoning would nullify so much of section 464 as empowers the council to authorize the laying of a railway track in an alley, for the width of alleys in all of our cities is such that the construction and operation of a railway therein must interfere, to a greater or less extent, with the ordinary use of the alley. These sections must be so construed, if possible, as to give force and effect to both. This may be done by holding that the duty of keeping the alleys open and free from all nuisances applies to all obstructions, except those which the city is specifically empowered to authorize. The protection to the owner of adjoining property is found in other provisions of section 464, which provides that "no railway track can thus be located and laid down, until after the injury to the property abutting upon the street, alley or public places, upon which such railway track is proposed to be located and laid down, had been ascertained and compensated, in the manner provided for taking private property for works of internal improvement in chapter 4 of title 10 of the Code of 1873."

The appellee further relies upon section 1262 of the Code, and insists that it is unreasonable to provide that a railway cannot cross over or under a highway without putting it in

as good repair and condition as before, and at the same time authorize it to pass longitudinally over an alley, in such way as to render its after use by the public utterly valueless. The answer to this position is found in the fact that, under section 1321 of the Revision, for which section 1262 of the Code is substituted, a railway could be constructed over or across a highway, without authority of the city council, or the payment of damages, whereas now, under section 464 of the Code a railway can be constructed lengthwise upon a street or alley only by the authority of the city council, and the payment of damages to the lot owners. The theory of the law is that the necessity of obtaining permission from the city council to occupy the alley, and of compensating adjoining owners for damages inflicted, will operate as a sufficient check upon the company.

III.   It is insisted, however, that if section 464 empowers the city council to authorize the construction of a railway track upon an alley, and the council, by the passage of the ordinance in question, intended to confer upon defendant the right to construct its railway upon the alley between the plaintiff's mill and elevator, the present case is a proper one for the court to exercise its equitable control to prevent the abuse of the power, under the doctrine recognized in *C., N. & S. W. R'y Co. v. Mayor*, 36 Iowa, 299 and *Davis v. C. & N. W. R'y Co.*, 46 Id., 389.

This doctrine of equitable control originated from the construction which had been placed upon section 1321 of the Revision, that a railroad might occupy a street lengthwise, without the consent of the city, or the payment of damages. The doctrine has no application to section 464 of the Code, which requires both the consent of the city and the payment of damages. Under the exercise of the right of eminent domain the defendant, upon the payment of the damages occasioned, might appropriate the plaintiff's mill or elevator, or both of them. A court of equity could not restrain the de-

fendant from such appropriation.   Upon what principle, then, can a court of equity restrain the defendant from proceeding under the statute, and the authority conferred by the city ordinance, to appropriate the alley between the elevator and mill.   The plaintiff will be compensated in the damages which the defendant must pay for the injury which it inflicts. If the appropriation of the alley renders the mill and elevator useless, this fact must be considered as an element of damage.

It is said, however, that this court recognizes the right to exercise equitable control after the adoption of section 464 of the Code, in the case of *Davis v. The C. & N. W. R'y Co.*, 46 Iowa, 389.   That case arose in the city of Council Bluffs, which was operating under a special charter, and at a time when section 464 of the Code did not apply to such cities.   See Acts of Eighteenth General Assembly, chapter 96.   Many authorities have been cited by appellee as to the right of a railroad company to occupy the streets in a city with its tracks, but we think that question is determined in this state by the provisions of section 464 of the Code. Whether under the provisions of this section the city council could surrender a *street* entirely to the use of a railroad company, is not presented in this case.   The difference between the uses of a street and of an alley is apparent to all, and needs only to be suggested.

IV.   Appellee insists that the plaintiff had a prior grant from the city to lay a track or switch upon the alley to his

4. ——: ——: elevator and mill, and that this prior grant cangranting use not be interfered with by any subsequent grant of for private to the railroad company.   Reliance is placed purposes. upon *Clark v. Blackmar*, 47 N. Y., 150.   In that case it was not decided that the city council had power to authorize the streets of a city to be occupied by a railroad track for the benefit of private property or its owners.   It was expressly held that that question was not in the case.   See page 156. It was found that the track had been laid by the Grand Trunk and New York Central railroads, and that a very considerable

business as common carriers for a great number of persons was carried on by these companies over said track. In this case the track has not been completed, and the evidence does not show how much has been constructed, nor that any portion of the track has been laid in the alley in question. We cannot find, from the case as presented, that when constructed it can be used for any other purpose than the conducting of the private business of the plaintiff. We do not think the statute confers upon the city council authority to devote the streets or alleys to a railway track for the private benefit simply of an individual.

In our opinion the injunction was improperly granted.

REVERSED.